UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARRYL ALLMOND,

    Plaintiff,

v.                                      CASE NO. 3:05-cv-441-J-25MMH

JACKSONVILLE INTERNATIONAL AFFAIRS
DEPT.,et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before this Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 28), Plaintiff's Motion for Default Judgment (Dkt. 36), Plaintiff's Motion to Stay (Dkt. 44), Defendants' Motion to Dismiss Complaint against Williamsburg Commons Owners Apartments (Dkt. 47), and Plaintiff's Motion for Preliminary Injunction (Dkt 48).

### I. Background

Plaintiff brings this action against the City of Jacksonville, numerous state officers and officials and against the owners of his apartment complex and its employees alleging that Defendants violated his federal and state civil and constitutional rights. Though rambling and unclear, it appears that the Plaintiff's complaint alleges the Defendants violated his rights by denying him access to the Police Memorial Building, denying him public information, denying him the right to supplement his criminal complaint, evicting him from his apartment, slandering and libeling him, falsely imprisoning Plaintiff and separating him from his family, failing to keep the environment safe, and conspiring to falsely accuse Plaintiff of a crime. Amended Complaint

¶¶1-7.

## II. Motion to Dismiss (Dkt. 28)

The Defendants, City of Jacksonville, Mayor Peyton, Jacksonville Internal Affairs Division, Michael Pavcese, Lt. Lendvay, Detective Upton, Officer J.V. Lee, and Officer B.C. Ellis move to dismiss Plaintiff's complaint for 1) failure to state a claim upon which relief can be granted and 2) failure to meet pleading requirements.

### A. Standard of Review

A Rule 12(b)(6) request for dismissal for failure to state a claim upon which relief may be granted is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making this determination the Court is restricted to consideration of the facts alleged in the complaint itself. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). Further, the facts set forth in the complaint must be viewed in the light most favorable to the plaintiff. Quality Foods De Centro America v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).

### B. Discussion

Plaintiff seemingly brings this claims pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, though he fails to meet the pleading requirements of either statute. Plaintiff's complaint does not present any claims in compliance with the Federal Rules of Civil Procedure. Rule 8 requires "a short plain statement of the claims showing that the pleader is entitled to relief". Fed.R.Civ.P. 8(a). Plaintiff's complaint contains seven paragraphs, each narrating a series of event, but fails to outline who the actor was, what action violated Plaintiff's

rights, which rights were violated and what harm resulted. While the Court is mindful of the minimal pleading requirements that Plaintiff must satisfy, his complaint fails to provide Defendants with the requisite notice of their alleged wrongdoing.

In order to state a claim under the ADA, a plaintiff must allege 1) he suffers from a disability, 2) that he is a qualified individual, and 3) that a "covered entity" discriminated against him on account of his disability. Cramer v. State of Fla., 117 F.3d 1258, 1264 (11th Cir. 1997). Defendant fails to make any of these allegations. In fact, the only statement regarding mental or physical hardship made in Plaintiff's complaint is that Plaintiff's arrest caused "a hardship, depression" and "physical and mental pain." Amended Complaint ¶ 4. Plaintiff makes not allegation that he has a disability, that he is qualified for coverage under the ADA, that any of the Defendants are covered entities, or that he suffered discrimination in any way. These allegations do not meet the pleading requirements under the ADA.

Furthermore, to the extend that Plaintiff is asserting § 1983 claims against state officers and officials, the pleading requirements are even higher. To prove a § 1983 claim, on the basis of municipal liability or official capacity, a plaintiff must show deprivation of a federal right by a person acting under color of state law, while acting pursuant to official government custom or policy. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000). Plaintiff is required to plead with specificity the facts that make out his claim in order to allow the court to determine if Defendants actions violated a clearly established constitutional right. GJR Investments v. County of Escambia, Fla.,132 F.3d 1359, 1367 (11t Cir.1998). None of Plaintiff's allegations can be construed to state a constitutional violation. As stated previously, Plaintiff has a list of complaints about the actions of Jacksonville police officers such as denial of

access to the Police Memorial Building, denial of access to public records, and conspiring to accuse him of a crime. Again, Plaintiff's complaint does not outline these allegations in any usable form, but even viewing this complaint in its most favorable light, the Court finds no constitutional violation and thus no cognizable § 1983 claim. It appears, beyond doubt, that Plaintiff can prove no set of facts which would entitle him to relief. Therefore, Defendant's Motion to Dismiss must be granted.

### III. Motion to Dismiss (Dkt. 47)

Defendant Old King's Highway, L.P.(OKH) moves to dismiss Plaintiff's complaint against "Williamsburg Commons Owners Apartments" for insufficiency of process pursuant to Rule 12(b)(5), for failure to state a claim pursuant to Rule 12(b)(6) and for failure to meet the pleading requirements of Rule 8. OKH is a Massachusetts limited partnership and the owner of Williamsburg Commons Apartments. Plaintiff's complaint failed to specifically name the entity that owns the apartment complex.

On September 2, 2005, Plaintiff attempted to serve process on the unnamed owners of the Williamsburg Commons Apartments by serving Curlita Milton, the assistant manager. This service was deficient because 1) the subpoena failed to contain the name of the correct legal entity subject to suit, 2) Ms. Milton is not a "managing agent" of OKH under Fed.R.Civ.P. 4(h)(1) and 3) service was not correctly made pursuant to Florida law.

Rule 4(h)(1) provides that service upon a partnership may be effected "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment of law to receive service of process." Fed.R.Civ.P. 4(h)(1). Ms. Milton is not a managing agent because she is not authorized to transact all business

4

of a particular kind, in a particular place, and she is under direct superior control. <u>Bridgeport Music Inc., v. Rhyme Syndicate Music</u>, 376 F.3d 615, 624 (6th Cir. 2004). Additionally, Plaintiff failed to properly serve OKH under Florida law, which provides that service of a foreign limited partnership may be accomplished 1) on any general partner found within the state, 2) on the registered agent, or 3) by service upon the Secretary of State as agent for the limited partnership. Fla.Stat. § 48.061(c)(3). Ms. Milton is neither a general partner, nor the registered agent for OKH. Therefore, the Court grants OKH's motion to dismiss for improper service of process.

Alternatively, even if service of process was proper, for the reasons stated in the analysis above, Plaintiff has failed to state a claim upon which relief can be granted, and thus the complaint must be dismissed in its entirety.

## IV. Motion for Default Judgment

Plaintiff moves for entry of default judgment against defendant Williamsburg Commons "Owners." Plaintiff's motion for entry of clerk's default was denied on October 14, 2005 (Dkt. 46). Therefore, this motion is denied as moot.

## V. Motion to Stay and for Injunctive Relief.

Plaintiff seems to be seeking injunctive relief asking that the Defendants be enjoined from preventing him from using the Public Police Memorial Building as well as 3770 Toledo Rd. Plaintiff has made none of the requisite showing necessary for a preliminary injunction. His request is thus denied. Additionally, because Plaintiff's complaint fails to state a claim and must therefore be dismissed, his request to stay and for injunctive relief is moot.

It is **ORDERED**:

1. Defendants' Motion to Dismiss (Dkt. 28) is **GRANTED** without prejudice.

2. Plaintiff's Motion for Default Judgment (Dkt. 36) is **DENIED**.

3. Plaintiff's Motion to Stay (Dkt. 44) is **DENIED**.

4. Defendants' Motion to Dismiss (Dkt. 47) is **GRANTED** without prejudice.

5. Plaintiff's Motion for Preliminary Injunction is **DENIED**.

6. All other pending motions are denied as moot. The clerk is directed to close the case.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of November, 2005.

**HENRY LEE ADAMS, JR.**
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party